I write separately to caution the reader not to interpret this Court's opinion as failing to take into account the context in which the separate claims were presented (the damages claim for breach of contract in the first phase of the trial and the bad faith claim in the second phase).
The essential elements of Ms. Morton's bad faith claim, in theory, are not defeated by the insurer's merely asserting that it had never denied her claim and by electing to leave the assessment of her damages to the determination of a jury. Indeed, this attitude, under all the attendant circumstances, could constitute the tort of bad faith. The failure of the insurer to discharge its legally imposed duty to exercise a good faith effort to adjust Ms. Morton's claim (the amount of the claim being the only dispute) either occurred before the insurer initiated the declaratory judgment litigation or it did not occur.
The focus here is not on the insurer's asserted contest of Ms. Morton's claim at trial, but upon its affirmative conduct in response to the filing of her proof-of-loss statement. Even though it had a legitimate defense of noncoverage as to Mr. Morton's claim, the insurer could not discharge, as a matter of law, its obligation of good faith to Ms. Morton simply by joining both insureds as defendants in a declaratory judgment suit and casting on her the burden of proving her damages. This leaves unanswered the crucial question of the insurer's course of conduct before it filed the declaratory judgment suit.
Notwithstanding these established principles governing the insurer's duty of good faith, I agree that the trial court correctly granted the insurer's motion for summary judgment; and this for the reason that Ms. Morton contested the motion on the single ground that she had obtained a partial summary judgment (on the issue of coverage). The insurer's evidence in support of its motion was not affirmatively responded to by way of a counter affidavit setting forth Ms. Morton's version of the facts respecting settlement negotiations (or the lack of them); i.e., she never placed the insurer's factual averments in issue. To be sure, the issue of damages may be a legitimate basis for denial of a claim; and the insurer's motion for summary judgment, with supporting evidence, raised this defense. Because it was met with silence on the part of the insured, no genuine issue of material fact existed; thus, the trial court had no choice but to grant the motion.
ADAMS, J., concurs. *Page 1272